FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RHYS A. STERLING,

              Plaintiff - Appellant,

  v.

DAVITA INC.,

              Defendant - Appellee.

No. 12-35044

D.C. No. 3:11-cv-05834-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

     Rhys A. Sterling, an attorney, appeals pro se from the district court's order

dismissing his action alleging violations of the Employee Retirement Income

Security Act of 1974 ("ERISA") and the Health Insurance Portability and

Accountability Act of 1996 ("HIPAA") in connection with defendant's verification

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and determination of Sterling's eligibility for continued dependent benefits under his spouse's employee healthcare plan. We review de novo a dismissal for failure to state a claim. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). We affirm.

The district court properly dismissed Sterling's claim that defendant violated its fiduciary duties under ERISA when it requested documentary proof of Sterling's eligibility to participate in defendant's healthcare plan, as defendant's actions were authorized by the plan and consistent with its fiduciary duty under ERISA to protect the financial integrity of the plan. *See Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 570-71 (1985) (under ERISA, a plan fiduciary must "discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of providing benefits to participants and their beneficiaries[,] and . . . defraying reasonable expenses of administering the plan" (citation and internal quotation marks omitted)).

The district court properly dismissed Sterling's claim that defendant violated its fiduciary duties under ERISA, as informed by the congressional intent underlying HIPAA, when it prospectively cancelled Sterling's healthcare coverage after his spouse failed to provide proof of his eligibility to participate. *See id.*; *see*

*also* 26 C.F.R. § 54.9815-2712T(a) (prohibition on rescissions under 42 U.S.C. § 300gg-12 is limited to cancellations or discontinuances of coverage that have a retroactive effect); *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984) (to the extent that a statutory provision is ambiguous, a court may not substitute its own construction of the provision for a reasonable interpretation made by the administrator of an agency to which Congress has implicitly delegated interpretive authority).

Defendant's request for attorney's fees, raised in its answering brief, is denied.

**AFFIRMED.**